PEARSON, DANIEL S., Judge,
concurring specially.
By reversing the trial court’s order dismissing Metropolitan Dade County as a defendant in this suit, we are necessarily rejecting the County’s argument that it could transfer its responsibility to maintain the roadway in question to the City of Hialeah Gardens without even notifying the City of the transfer, much less, without first agreeing with the City on a schedule for the orderly transfer of responsibilities, as the plaintiffs correctly contend is required by Section 335.04(3), Florida Statutes (1981). If such an agreement or notice were legally unnecessary, then we would have found unavailing the plaintiffs’ allegations concerning the County’s responsibility for the allegedly defective roadway [1] and would have found, therefore, the complaint against the County properly dismissed as failing to state a cause of action.

. The critical allegations are found in Count III of plaintiffs’ second amended complaint.
"39. That DADE COUNTY prior to May 1982 accepted THE STATE OF FLORIDA DEPARTMENT OF TRANSPORTATION functional roadway classification that said Northwest 97th Avenue was within the County road system.
"40. That DADE COUNTY, by resolution, purportedly deleted said roadway from its county road system pursuant to Resolution #R80982 (see Exhibit ‘A’) and purportedly transferred all representations for said roadway to THE CITY OF HIALEAH GARDENS.
“41. That DADE COUNTY never notified the CITY OF HIALEAH GARDENS, in any manner, of the purported deletion of said roadway from the DADE COUNTY road system and the alleged subsequent transfer of said roadway to the authority of the CITY OF HIALEAH GARDENS.
"42. That because of the failure of DADE COUNTY to notify the CITY OF HIALEAH GARDENS of said transfer, the CITY OF HIALEAH GARDENS did not know of the transfer and therefore did not maintain the roadway in question and in fact, the transfer never became effective.”